UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARYL LOCKE, | : |
|                 Plaintiff | :    Civil No. 3:19-cv-0499 |
| v. | :    (Judge Mariani) |
| JOHN WETZEL, *et al.*, | : |
|                 Defendants | : |

**MEMORANDUM**

I. **BACKGROUND**

On March 20, 2019, Plaintiff Daryl Locke ("Plaintiff"), an inmate currently confined in the Smithfield State Correctional Institution, Huntingdon, Pennsylvania ("SCI-Smithfield"), filed the above-captioned action pursuant to 42 U.S.C. § 1983 and the Fair Credit Report Act ("FCRA"). The named Defendants are John Wetzel ("Wetzel"), Mr. Dribelbris ("Dreibelbis"), Mr. Swisher ("Swisher"), Debra Jadlocki, Ms. P. Luther ("Luther"), and Mr. Rupert ("Rupert"). (Doc. 1).

Plaintiff alleges that at some unknown time, he "read in the newspaper that on April 3, 2018, a company named Accreditation Audit Risk-Management Security, LLC (AARMS) had suffered a data breach, while in possession of the private information of 13,100 inmates, 680 employees and 11 others within the State Department of Corrections (DOC)." (Doc. 1 at 7.) AARMS notified the DOC of the data breach on April 9, 2018. *Id.* Defendant

Wetzel, however, did not mail notice of the data breach to Plaintiff until July 19, 2018, and Plaintiff received the notice on July 24, 2018. *Id.*

Plaintiff maintains that the DOC "never informed [him] that they would be distributing his private information (Full Name, Home Address, Social Security Number and Medical Records) to a third party, which is contracted vendor of the DOC." *Id.* He alleges that the DOC "failed to obtain a signed release form (DC-108 form) from [him] which would have authorized the release of his private information to a third party." *Id.* Plaintiff asserts that Defendants, all of whom are supervisors of various departments within the DOC, disseminated his private information without his consent. *Id.* at 2-3, 8. He further maintains that Defendant Wetzel's failure to promptly notify him of the data breach "gave ample amount of time for [his] private information to be sold/misused." *Id.* at 8. Plaintiff alleges that because of the data breach and the delay in notification, "he is 9.5 times more likely than the public to suffer identity fraud or theft." *Id.*

Based on these allegations, Plaintiff asserts that Defendants violated his "civil rights to privacy," his rights under the FCRA, and "numerous State [p]rivacy [l]aws and DOC policy." *Id.* at 3, 9. He seeks declaratory and injunctive relief, as well as damages. *Id.* at 4, 10.

By Memorandum and Order dated December 11, 2019, Defendants' first motion to dismiss was denied without prejudice to refiling a second motion to dismiss, addressing whether Plaintiff has stated plausible claims for relief under 42 U.S.C. § 1983 and the

FCRA. (Docs. 22, 23). Specifically, the Court concluded that Plaintiff had stated a cognizable injury for Article III standing purposes and that Defendants had failed to address whether Plaintiff has a right to privacy regarding his personal information under § 1983 and whether Plaintiff can maintain a claim for relief under the FCRA. *Id*.

Presently before the Court is Defendants' second motion to dismiss Plaintiff's complaint for failure to state a claim. (Doc. 25). The motion is fully briefed and ripe for disposition. Defendants maintain that Plaintiff's claims pursuant to § 1983 should be dismissed with prejudice because § 1983 "provides only a limited right to privacy for medical information" and because they are entitled to qualified immunity. (Doc. 26 at 4). Defendants assert further that Plaintiff's claims pursuant to the FCRA should be dismissed with prejudice because "neither the Department of Corrections nor its officers are contemplated as proper parties under the FCRA, the FCRA provides very limited private rights of action, and Plaintiff has not adhered to the strict process for bringing a private cause of action." (Doc. 26 at 10).

In support of dismissal, Defendants rely heavily on a decision of this Court rendered in *Eades v. Wetzel, et al.*, Civil No. 1:19-cv-0512. On March 21, 2019, Eades filed a complaint against the same Defendants named in the instant action and raised the identical allegations as set forth in the instant action. *Id.* at Doc. 1. By Memorandum and Order dated November 22, 2019, the Honorable Yvette Kane granted Defendants' second motion to dismiss Eades' complaint, finding, with respect to the Section 1983 claims that "any

alleged violation of Plaintiffs' right to privacy under the facts alleged was not a clearly established right under the second prong of the qualified immunity analysis." See *Id.* at Doc. 26. With respect to Plaintiff's FCRA claim, Judge Kane found that "Plaintiff's complaint fails to establish that he notified any consumer reporting agency about a dispute arising from Defendants' alleged furnishing of his personal information...Plaintiff's failure to notify any consumer reporting agency about such a dispute...renders fatal any claims brought against Defendants pursuant to Section 1681s-2(b)." *Id.*

On December 4, 2019, Eades filed a Notice of Appeal with the United States Court of Appeals for the Third Circuit. *Id.* at Doc. 29. Eades' appeal remains pending. *See Eades v. Wetzel,* No. 19-3821. Thus, because *Eades* is essentially identical to the present matter, the Court finds that the instant action should be stayed pending a decision by the Court of Appeals, which may require dismissal of this case.

## II.  **LEGAL STANDARD**

District courts have broad power to stay proceedings. *Bechtel Corp. v. Local 215, Laborers' Int'l Union*, 544 F.2d 1207, 1215 (3d Cir.1976). A district court's power to stay proceedings "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants." *Id.* at 1215 (quoting *Landis v. North American Co.*, 299 U.S. 248, 254–55 (1936)). In exercising its discretion, a district court can "hold one lawsuit in abeyance to abide the

outcome of another which may substantially affect it or be dispositive of the issues." *Bechtel*, 544 F.2d at 1215.  This is especially true where the other case is proceeding in another federal court.  *See Miccosukee Tribe of Indians of Florida v. South Florida Water Mgmt. Dist.*, 559 F.3d 1191, 1196 (11th Cir.2009) (holding appeals court lacked jurisdiction to hear appeal from stay where district court, *sua sponte*, stayed proceedings pending an appeal in another related federal case).  The issues and the parties to the two causes need not be identical before one suit may be stayed to abide the proceedings of another.  *See Landis*, 299 U.S. at 254.  However, a district court would abuse its discretion by issuing a stay "of indefinite duration in the absence of a pressing need." *Id.* at 255.  A district court must exercise its judgment in weighing the competing interests and maintaining an even balance when staying a proceeding.  *Cheyney State College Faculty v. Hufstedler*, 703 F.2d 732, 737–38 (3d Cir.1983).

## III.   DISCUSSION

A district court's decision whether to stay a proceeding may be guided by a consideration of the following factors: (1) the identity of the parties and issues in both actions; (2) the adequacy and extent of relief available in the alternative forum; (3) the likelihood of prompt disposition in the alternative forum; (4) the convenience to the parties, counsel, and witnesses; (5) the possibility of prejudice to the party as a result of the stay; and (6) the promotion of judicial efficiency.  *Balfour v. Gutstein*, 547 F.Supp. 147, 148 (E.D.Pa.1982);

*Nigro v. Bumberg*, 373 F.Supp. 1206, 1212-13 (E.D.Pa.1974). The Court finds, after weighing the enumerated competing interests, that the balance tips toward exercising the Court's power to stay the proceedings.

Initially, the Court notes that *Eades* and the present matter involve identical parties and factual scenarios. Both cases involve Plaintiffs who contend that the Department of Corrections failed to inform them that their private information would be distributed to a third-party vendor, and that the Department relatedly failed to obtain a signed release from them to authorize the dissemination of their information to a third party

In *Eades*, the District Court held that Defendants were entitled to qualified immunity as to Eades' right to privacy claim under § 1983, as the case law at the time of the violation alleged in Plaintiff's Complaint did not clearly establish what acts of dissemination would or would not violate a prisoner's right to privacy in his medical information. As discussed in the Court's decision, there exists no precedent holding that corrections officials violate an inmate's right to privacy by disclosing his personal or medical information to third-party vendors. Nor had Eades identified any authority standing for the proposition that Defendants were prohibited from providing his personal or medical information to a third-party vendor, or that his right to privacy prohibits such a disclosure. *Eades*, Civil No. 1:19-cv-0512 at Doc. 26. Similar to *Eades*, the instant Plaintiff's claimed right of absolute privacy in his medical information has not been clearly established by the limited case law. As such, the interest in the pending *Eades* appeal is significant, as the decision involves a

determination of whether Defendants are shielded by qualified immunity. Staying the proceedings until the resolution of the *Eades* appeal will promote judicial economy as there will be clarification as to whether the Defendants in the present matter are protected by qualified immunity.

With regard to other competing interests, this stay is not likely to be significant in length, as the parties have recently completed the briefing requirement set by the Court of Appeals' June 25, 2020 briefing and scheduling Order. *See Eades v. Wetzel*, No. 19-3821. Also, the balance of harm weighs in favor of Locke, who will not suffer prejudice by this delay.

Based on the foregoing, the Court finds that it is proper to defer ruling on the pending motion to dismiss pending the decision of *Eades* in the Court of Appeals for the Third Circuit.

## IV. CONCLUSION

For the foregoing reasons, the Court will defer ruling on Defendants' outstanding motion to dismiss pending a decision by the Court of Appeals for the Third Circuit in *Eades v Wetzel*, No. 19-0512. An appropriate Order follows.

Date: September 11, 2020

Robert D. Mariani
United States District Judge